# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **MITZI ASKINS, ROBERT RUCKER,** ) <br> and **MARVIN SUTTER,** ) <br> ) <br> **Plaintiffs,** ) <br> v. ) <br> ) <br> **ZACHRY INDUSTRIAL, INC. and** ) <br> **KIM KENEIPP,** ) <br> ) <br> **Defendants.** ) | Case No. 09-2202 |

# REPORT AND RECOMMENDATION

In July 2009, Plaintiffs Mitzi Askins, Robert Rucker, and Marvin Sutter filed a complaint in the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois, against Defendants Zachry Industrial, Inc. (San Antonio) and Kim Keneipp. In August 2009, Defendants removed the case to federal court. (Notice of Removal, #1.) Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs have alleged a claim under the laws of the United States.

In November 2009, Defendants filed a Motion To Dismiss (#15). Also in November 2009, Plaintiffs filed a Response to Defendants' Motion To Dismiss (#17), and in December 2009, Defendants filed a Reply to Plaintiffs' Response to Defendants' Motion To Dismiss (#20). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#15)** be **GRANTED**, and all other pending motions before this Court be **DENIED** as moot.

### I. Background
### A. Factual Background

The following background is taken from the complaint. Plaintiffs Mitzi Askins, Robert Rucker, and Marvin Sutter are former hourly wage employees of Defendant Zachry Industrial, Inc. (hereinafter "Zachry"). Defendant Zachry is a Texas corporation that provides

construction services in Illinois. Defendant Kim Keneipp was the Administrative Manager at Zachry during the period of Plaintiffs' employment, and continues in that capacity with Zachry.

While Zachry employed Plaintiffs, it managed Plaintiffs' work schedules, including the amount of hours they worked. Plaintiffs allege that Defendants typically scheduled Plaintiffs to work eight and one-half hour shifts with an unpaid thirty minute meal break during that time. Additionally, Plaintiffs allege that Defendants employed a "rounding" technique when calculating Plaintiffs' hours worked, causing Plaintiffs to lose both regular and overtime wages. This rounding technique, Plaintiffs allege, was applied at the beginning of Plaintiffs' shifts if they were one minute late, during meal breaks if Plaintiffs did not use their entire thirty-minute break period, and if Plaintiffs worked past the end of their scheduled shift for any less than one-half hour.

Plaintiffs' complaint alleges two counts against Defendants as follows: In Count I, Plaintiffs allege violations of the Illinois Minimum Wage Law (820 ILCS § 105) (hereinafter "IMWL"). In Count I, Plaintiffs allege that they are members of a class of current or former employees of Zachry. Count II alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201) (hereinafter "FLSA"). Plaintiffs allege this claim as individuals, not as members of a class.

### B. Procedural Background

In October 2009, Defendants made an Offer of Judgment to Plaintiffs pursuant to Rule 68 of the Federal Rules of Civil Procedure. This Rule 68 offer was accompanied by a sworn Declaration of Lisa Ebrom, Zachry's Business Services Manager. The declaration states that Defendants' offer calculated "the amount of unpaid minutes between [Plaintiffs'] clock-in and clock-out times for any time they were on the jobsite between July 10, 2006, and their termination dates, including any unpaid meal breaks when they worked at least a four hour shift that day. I did not apply any rounding to these times." (#16-2, ¶ 6.) Plaintiffs subsequently declined Defendants' Rule 68 Offer of Judgment. Defendants then filed their motion to dismiss.

2

In Plaintiffs' response to the motion, they raised an issue regarding whether the Rule 68 offer included payment for training time. Defendants' reply includes a Declaration of Kim Keneipp that states: "Zachry provided training to plaintiffs at the Decatur jobsite during their scheduled shift times . . . . The offer of judgment that defendants made to plaintiffs, combined with the amounts they were already paid, comprehensively included all of the time they spent in training." (#20-1, ¶ 4.)

In January 2010, Plaintiffs filed a Motion for Class Certification (#23) and a Motion for Leave To File Amended Complaint (#21) to add an additional party as plaintiff.

## II. Standard

It is well settled that a federal court lacks subject-matter jurisdiction only when a claim is " 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Arthur Andersen LLP v. Carlisle*, -- U.S. --, 129 S. Ct. 1896, 1901 n.3 (2009) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)). Furthermore, a federal court has no authority to give opinions on moot questions that cannot affect the matter in issue. *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.,* 29 F.3d 1145, 1147 (7th Cir. 1994). When a case becomes moot, there is no longer a federal controversy, and the court loses its subject-matter jurisdiction.

A challenge to jurisdiction can be facial or factual. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). If the challenge is facial, the party asserting jurisdiction need only show the existence of facts that could, consistent with the complaint, establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In contrast, in a factual attack, "the complaint is formally sufficient but the contention is that there is *in fact* no

3

subject-matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (emphasis in original). When considering a factual attack against subject-matter jurisdiction, the district court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists. *Apex*, 572 F.3d at 444.

### III. Analysis

Defendants argue that the Court should dismiss all claims as moot because Plaintiffs no longer have any stake in the case. As a result, Plaintiffs' claims are moot. Defendants contend that the circumstances in this case are similar to those in *Holstein v. City of Chicago*. In that case, the Seventh Circuit court affirmed the district court's dismissal, stating that once a defendant offers to satisfy a plaintiff's entire demand, there is no dispute to litigate, and a plaintiff who refuses to acknowledge this loses outright because he has no remaining stake in the claim. *Holstein,* 29 F.3d at 1147. In addition, the court stated that, in the usual case, "simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction." *Id.* Consistent with *Holstein*, Defendants contend that Plaintiffs' claims are moot because they declined Defendants' Offer of Judgment which provided complete relief.

### A. Defendants' Rule 68 Offer

As an initial matter, Plaintiffs argue that Defendants' Rule 68 Offer of Judgment did not offer complete relief, therefore it did not moot Plaintiffs' claims. *See Greisz v. Household Bank,* 176 F.3d 1012, 1015 (7th Cir. 1999) ("obviously the rejection of an offer of less than the complete relief sought by a suit does not prove there is no dispute between the litigants").

Defendants contend that the Rule 68 offer constituted an offer of complete relief to the named Plaintiffs. In support, Defendants submitted declarations of both Business Services Manager Lisa Ebrom and Administrative Manager Kim Keneipp swearing to the completeness of the Rule 68 offer.

Plaintiffs respond by denying Defendants' factual assertion that the Rule 68 Offer of Judgment provided complete relief. Specifically, they contend that the Rule 68 offer did not include payment for Plaintiffs' time during training.

Defendants' argument does not challenge the facial sufficiency of Plaintiffs' complaint; instead, it attacks the underlying factual basis for jurisdiction. This factual dispute invokes the burden shifting framework of *Apex*: Once factual allegations are proffered to call a plaintiff's standing into question, the presumption of correctness that we accord to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists. *Apex,* 572 F.3d at 444.

Here, Plaintiffs failed to provide this Court with any competent proof of their contention that Defendants' Rule 68 offer fell short of complete relief. Plaintiffs stated in their memorandum that the Rule 68 offer failed to include payment for Plaintiffs' alleged unpaid training time and that Defendants' declarations were vague, conclusory, and lacked foundation. In contrast, Defendants submitted declarations from Zachry's Business Services Manager Lisa Ebrom and Administrative Manager Kim Keneipp swearing to the completeness of Defendants' Rule 68 offer. A statement or argument in a brief does not constitute evidence sufficient to dispute a party's sworn declarations. *See United States v. Stevens,* 500 F.3d 625, 628-29 (7th Cir. 2007) ("arguments in a . . . brief, unsupported by documentary evidence, are *not* evidence") (emphasis in original). Thus, Plaintiffs failed to meet their burden of proof. In light of the evidence before this Court, Defendants' Rule 68 Offer of Judgment constituted an offer of complete relief, and the following analysis is based on this premise.

### B. Plaintiffs' IMWL Putative Class Action Claims

In addition to the above, as to the IMWL claims, Plaintiffs respond with four arguments, as follows: (1) Defendants' Rule 68 offer did not satisfy the full amount prayed for because Plaintiffs pled the IMWL claim as a putative class action; (2) the IMWL precludes mootness

5

because any settlement of such claims requires court approval; (3) Rule 23(e) of the Federal Rules of Civil Procedure precludes mootness because it requires court approval of putative class action settlements; and (4) additional employees with similar unpaid wage claims could step in as class representatives if the Court dismissed the claims of the named plaintiffs. This Court will consider each argument in turn.

Plaintiffs first argue that Defendants' Rule 68 offer did not satisfy the full amount Plaintiffs sought because the IMWL claim alleges a putative class action claim; that is, the fact that Plaintiffs pled the claim as a possible class action necessarily means that an offer of relief only to named Plaintiffs cannot constitute *complete* relief for the suit because of the existence of other possible plaintiffs. In support of this argument, Plaintiffs cite *Parker v. Risk Management Alternatives Inc.,* 204 F.R.D. 113 (N.D. Ill. 2001). Plaintiffs' reliance on *Parker* is misplaced because the facts are distinguishable. In *Parker*, the plaintiff had filed a motion for class certification during the ten-day period before the Rule 68 offer elapsed. *Id.* at 114-15. Referring to the existence of other potential plaintiffs, the court stated that "because plaintiff filed his motion for class certification within that ten-day period, at the time defendant's offer expired it did not cover the full amount of relief sought." *Id.* at 115. In contrast to the facts in *Parker*, here, Plaintiffs Askins, Rucker, and Sutter were the only Plaintiffs in the suit when the Rule 68 offer expired. Under theses circumstances, *Parker* does not support Plaintiffs' contention that the Rule 68 offer did not provide complete relief.

In support of their premise that the Rule 68 offer provided complete relief for Plaintiffs' claims, Defendants cite two Seventh Circuit cases, *Holstein v. City of Chicago* and *Greisz v. Household Bank*. In *Holstein,* the plaintiff alleged a potential class action claim. Before filing a motion to certify the class, the plaintiff rejected an offer of complete relief to settle his claim. *Holstein,* 29 F.3d at 1147. The district court dismissed the claim and the Seventh Circuit court affirmed the dismissal, stating that once a defendant offers to satisfy a plaintiff's entire demand, the plaintiff's claim is moot, there is no dispute to litigate, and the court must dismiss the claim for lack of subject matter jurisdiction. *Id.* Nevertheless, the court cautioned that the requirements for dismissal are more stringent in a putative class action claim: "If the district

6

court has certified the class before expiration of the plaintiff's claims, mootness is avoided." *Id.* The decision also discussed exceptions to this holding that are not relevant here.

Consistent with the reasoning in *Holstein*, the *Greisz* decision stated that "before the class is certified . . . an offer to one is not an offer of the *entire* relief sought by the suit, . . . unless the offer comes before class certification is sought, . . . and so before the existence of other potential plaintiffs has been announced." *Greisz,* 176 F.3d at 1015 (emphasis in original, citations omitted). Based on this language, an offer to the named plaintiff in a putative class action claim constitutes complete relief when the offer is made before the plaintiff seeks class certification. Under these circumstances, the offer gives the plaintiff the "equivalent of a default judgment" (*id.*), and the plaintiff's rejection of the offer renders the plaintiff's claims moot.

Here, as in *Holstein*, Defendants made Plaintiffs an offer of complete relief that Plaintiffs rejected. At the time, Plaintiffs had not yet filed their motion for class certification. Based on Seventh Circuit authority, the Rule 68 offer provided complete relief and Plaintiffs' failure to accept the Rule 68 offer rendered their claims moot. Accordingly, based on *Holstein* and *Greisz*, the Court recommends dismissing the IMWL claims in Count I.

Plaintiffs' remaining arguments do not save their claims from dismissal. Plaintiffs next argue that the IMWL and the FLSA preclude mootness because any settlement of such claims requires approval by a court or the Department of Labor. Defendants respond that the Rule 68 offer is not a settlement, but rather "an offer to allow judgment to be taken against defendants." (#20, p. 4). This argument is not persuasive because in this case, Plaintiffs did not accept Defendants' Rule 68 offer, therefore, there never was a settlement for the Court to approve.

Plaintiffs also argue that Rule 23(e) of the Federal Rules of Civil Procedure precludes mootness because "it requires court approval of putative class action settlements where the complaint contains class allegations." (#18, p. 2.) Plaintiffs' argument is incorrect; nowhere does Rule 23(e) refer to "class allegations"; instead it expressly refers to a certified class, stating that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or

7

compromised only with the court's approval." FED. R. CIV. P. 23(e). The Advisory Committee Notes clarify the intent of the rule's scope, stating as follows:

> [Rule 23] resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be–and at times was–read to require court approval of settlements with putative class representatives that resolved only individual claims . . . . The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise.

FED. R. CIV. P. 23 advisory committee's note (emphasis added). Thus, this argument fails based on the plain language of Rule 23(e) as well as the 2003 advisory committee notes.

Finally, Plaintiffs argue that additional employees with similar unpaid wage claims could step in as class representatives if the Court dismissed the claims of the named plaintiffs. Plaintiffs offer no legal authority to support this argument and the Court finds it unpersuasive. Although Plaintiffs list the names of various other employees they claim are entitled to relief, none of these employees are listed as Plaintiffs in the complaint, nor had Plaintiffs sought to add these other employees as plaintiffs before Defendants' Rule 68 offer. Simply listing names of potential plaintiffs in a brief is inadequate to establish these individuals as persons entitled to relief. In *Greisz*, the Seventh Circuit court stated that if the Rule 68 offer "comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced," a plaintiff's individual claims are moot. *Greisz,* 176 F.3d at 1015. Thus, the *Greisz* decision indicates that, once a defendant tenders a Rule 68 offer, a plaintiff must "announce" the existence of other potential plaintiffs by filing a motion to certify the class prior to the expiration of the Rule 68 offer. Although Rule 68 can lead to a harsh result when applied to putative class action claims, "the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency, add[ing] an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68." *Asch v. Teller,* 200 F.R.D. 399, 401 (N.D. Ill. 2000). Plaintiffs did not do that here, instead declining to accept Defendants' Rule 68 offer and filing motions to amend the complaint and for class certification only after Defendants had filed their motion to dismiss.

For all the foregoing reasons, this Court concludes that Defendants' Rule 68 offer provided complete relief as to Plaintiffs' IMWL claims in Count I. Plaintiffs declined the offer and did not move for class certification during the pendency of the Rule 68 offer. Plaintiffs filed their motions to amend and for class certification only after Defendants had filed the motion to dismiss. A Rule 68 offer that provides complete relief is similar to a default judgment. *Griesz*, 176 F.3d at 1015. As the Seventh Circuit stated, "[y]ou cannot persist in suing after you've won." *Id*. Accordingly, Plaintiffs' IMWL claims are moot and the Court recommends dismissing those claims for lack of subject matter jurisdiction. *See Wiskur v. Short Term Loans, LLC,* 94 F. Supp. 2d 937, 938-39 (N.D. Ill. 2000) (granting the defendant's motion to dismiss a putative class action claim as moot when the plaintiff failed to file a motion for class certification during the pendency of the Rule 68 offer, even though the plaintiff later filed motions to amend her complaint and for class certification).

### C. Plaintiffs' FLSA Claims

Defendants also argue that the Rule 68 offer mooted Plaintiffs' FLSA claims. Plaintiffs pleaded the FLSA claims as individuals, not as potential class members, therefore Plaintiffs' arguments related to class action claims do not apply.

As previously stated, once a defendant offers to satisfy a plaintiff's entire demand, there is no longer a dispute to litigate, and a plaintiff who refuses such an offer has no remaining stake in the claim. *Holstein,* 29 F.3d at 1147. Once a claim is moot, it must be dismissed for lack of subject matter jurisdiction. *Id.* Based on the evidence before the Court, Defendants' Rule 68 offer was an offer of complete relief as to the FLSA claims. Therefore, Plaintiffs' FLSA claims were rendered moot when they refused to accept the Rule 68 offer and the Court recommends dismissing those claims.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss **(#15)** be **GRANTED** and all other pending motions before this Court be **DENIED** as moot. The parties are advised that any objection to this recommendation must be filed in writing

with the clerk within 14 working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 12th day of February, 2010.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE